1  Matthew A. Rosenthal, Esq. (SBN 279334)
   Matt@westgatelaw.com
2  Westgate Law
   15760 Ventura Blvd., Suite 880
3  Los Angeles, CA  91436
   T: (818) 200-1497; F: (818) 574-6022
4  Attorney for Plaintiffs,
   GLADIS ZELAYA, an individual;
5  IRIS ZELAYA, an individual

6

7  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**

8  GLADIS ZELAYA, an individual;        )   **Case No.: 2:16-cv-1658**
   IRIS ZELAYA, an individual;          )
9                                       )   **COMPLAINT**
            Plaintiffs;                 )
10                                      )   1. **Violations of the Rees-**
   v.                                   )      **Levering Automobile Sales**
11                                      )      **Financing Act, Cal. Civ. Code**
   AMERICAN HONDA FINANCE               )      **§§ 2981 *et seq.***
12 CORPORATION; CONSOLIDATED            )   2. **Violations of the Fair Debt**
   ASSET RECOVERY SYSTEMS;              )      **Collection Practices Act, 15**
13 MORGAN RECOVERY                      )      **USC § 1692 et seq.;**
   CORPORATION;                         )   3. **Violations of the Rosenthal**
14                                      )      **Fair Debt Collection Practices**
            Defendant(s).               )      **Act, Cal. Civ. Code § 1788;**
15                                      )   4. **Breach of Contract**
                                        )   5. **Conversion**
16                                      )
                                        )
17                                      )
                                        )
18 _____

19        GLADIS ZELAYA, an individual; and IRIS ZELAYA, an individual

20 (collectively, "Plaintiffs"), by their attorneys, WESTGATE LAW, allege the

21 following against AMERICAN HONDA FINANCE CORPORATION;

22 CONSOLIDATED ASSET RECOVERY SYSTEMS; MORGAN RECOVERY

23 CORPORATION (collectively, "Defendants"):

24

25

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Rees-Levering Automobile Sales Financing Act, Cal. Civ. Code §§ 2981 et seq.

2. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

3. Count III of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

4. Count IV of Plaintiff's Complaint is based on the common-law tort of Breach of Contract.

5. Count V of Plaintiff's Complaint is based on the common-law tort of Conversion.

**JURISDICTION AND VENUE**

6. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

7. Defendants each conduct business in the state of California; therefore, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

9. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

10. Defendant American Honda Finance Corporation (hereinafter "Honda") is a national company with offices in Torrance, California.

COMPLAINT

11. Defendant Consolidated Asset Recovery Systems (hereinafter "CARS") is a national company with a business office in Raleigh, North Carolina.

12. Defendant Morgan Recovery Corporation (hereinafter "Morgan Recovery") is a company with a business office in Huntington Beach, California.

## FACTUAL ALLEGATIONS

13. On May 31, 2014, Plaintiffs entered into agreement with Defendant Honda for the purchase of a 2014 Honda CRV with Vehicle Identification Number 2HKRM3H5DEH54Z478 (hereinafter "Vehicle").

14. On or around September 29, 2015, Plaintiff Iris Zelaya (hereinafter "Iris") received a call from Honda's representative.

15. In the course of the telephone call on or around September 30, 2015, Honda's representative informed Iris that her account was in arrears due to failure to make the August, 2015 payment.

16. In the course of the telephone call on or around September 30, 2015 Honda's representative demanded that Iris pay a total of $1,554.68, reflecting an outstanding account balance of $1,530.00 and a late payment fee of $24.68.  In response, Iris made a payment to Honda in the amount of $1,554.68 on September 30, 2015, thereby bringing the account current as of that date.

17. In an account statement dated October 3, 2015, Honda stated that the total amount due on Plaintiff's account on October 25, 2015 would be $494.00, reflecting the regular payment amount of $493.66 and $.34 in fees. *See* Account Statement attached hereto as Exhibit "A."

18. Despite bringing her account current on September 29, 2015, the Vehicle was repossessed at Honda's direction on October 24, 2015.

19. At the time of the repossession, the Vehicle contained several of Iris'

personal effects, including camping equipment, shoes, and Iris' college transcripts.

20. Immediately upon realizing that the Vehicle had been repossessed, Iris telephoned Honda and spoke to Honda's representative.  Honda's representative informed Iris that her account was current, that no repossession order had been placed on Iris' car, and suggested that Iris contact the police.

21. Iris thereupon contacted the police department of Hawthorne, California regarding the whereabouts of her vehicle.  The police informed Iris that no repossession report was currently on file. Iris then prepared a stolen vehicle report to be submitted to the California Highway Patrol.  *See* Police Report attached hereto as Exhibit "B."

22. Believing her car to be stolen, Iris rented a car on October 25, 2015 so that she could continue to attend school and work.

23. On Friday, October 30, 2016, Iris again spoke to Honda's representative in a telephone conversation.  Once again, Honda's representative stated that the Vehicle account was current and no repossession order had been placed for the Vehicle.

24. On Saturday, November 7, 2015, Plaintiff Gladis Zelaya received a letter from Defendant CARS via Presorted First Class US Mail. The letter from CARS was dated October 26, 2015.  *See* Letter from CARS attached hereto as Exhibit "C."

25. The letter from Defendant CARS did not identify the true and correct name of Defendant; rather, the letter merely identified the correspondence as being sent from "Recovery Department," with an address of 701 Corporate Center Dr., Ste. 163, Raleigh, NC 27607.  *See* Exhibit "C."

///

26. The letter from Defendant CARS stated in full:

> This letter serves as notice to you that the personal property which was recovered along with your vehicle on 10/26/2015 will be stored for 60 (sixty) days from the date of repossession. If you wish to retrieve your personal belongings, please contact the agent at 714-494-1857 to setup an appointment.
>
> Sincerely,
>
> Recovery Department

27. On or around November 9, 2015, Iris called 714-494-1857, which was the telephone number listed on the letter from CARS. In reality, however, the phone number belongs to Defendant Morgan Recovery.

28. In the course of the phone call on or around November 9, 2015, Morgan Recovery confirmed that they had repossessed the Vehicle. Iris then made arrangements with Defendant's representative to retrieve the Vehicle.

29. On November 9, 2015, Iris met with Defendant Morgan Recovery's representative. Morgan Recovery's representative returned the Vehicle, and presented Iris with a Vehicle Condition Report.

30. On or around November 12, 2015 Plaintiff was driving her vehicle when she noticed that a part of her vehicle was dragging on the ground. Plaintiff thereafter took her vehicle to her local mechanic, who informed her that her suspension had been damaged by Morgan Recovery in the process of placing her car on a tow truck.

COMPLAINT

# FIRST CAUSE OF ACTION

## Violations of the Rees-Levering Automobile Sale Finance Act, Cal. Civ. Code §§ 2981 *et seq.* ("RLA")

By Plaintiffs as to Defendant American Honda Finance Corporation

31. Plaintiffs reallege and incorporate by reference the allegations of all paragraphs above.

32. The RLA governs conditional sale contracts for motor vehicles. The contract entered into by Plaintiffs is a conditional sales contract subject to and governed by the provisions of the RLA. Defendant American Honda Finance Corporation is or was a "seller" or "holder" of the Contract, as those terms are used in the statute.

33. Defendant American Honda Finance Corporation violated § 2983.3(a) of the RLA by repossessing the Vehicle in the absence of default in the performance of any of Plaintiffs' obligations under the Contract.

34. As a direct and proximate result of Defendant's violations of the RLA, Plaintiffs have suffered actual damages in an amount to be proven at trial.

35. Plaintiffs are entitled to an award of reasonable attorney's fees and costs in the filing and prosecution of this action pursuant to California Civil Code § 2983.4

WHEREFORE, Plaintiffs pray for relief as set forth below.

# SECOND CAUSE OF ACTION

## Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

By Plaintiffs as to all Defendants

36. Plaintiffs reallege and incorporate by reference the allegations of all paragraphs above.

37. Plaintiffs are each a natural person obligated or allegedly obligated to pay a debt and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

38. Defendants are each persons who use an instrumentality of interstate

commerce or the mails in a business the principal purpose of which is the enforcement of security interests and are each "debt collectors" as defined by 15 U.S.C. § 1692a(6).

39. Plaintiffs' alleged debt arises from transactions for personal, family, and/or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The FDCPA states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> **(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> > **(A) there is no present right to possession of the property** claimed as collateral through an enforceable security interest.

15 U.S.C. §1692f(6)(A).

41. As alleged herein, Plaintiffs had fully performed their duties and obligations under the Vehicle Contract, thereby entitling Plaintiffs to full possession of the Vehicle.  Therefore, Defendants violated § 1692f(6)(A) by taking any nonjudicial action to repossess Plaintiff's Vehicle without a present right to possession of the Vehicle.

42. As a proximate result of Defendants' violation of the FDCPA, Plaintiffs have been damaged in amounts which are subject to proof.

43. Plaintiffs are entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

44. Plaintiffs are entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

45. Plaintiffs are entitled to an award of reasonable attorney's fees and costs in

the filing and prosecution of the action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
**Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA")**
By Plaintiffs as to all Defendants

46. Plaintiffs reallege and incorporate by reference the allegations of all paragraphs above.

47. Plaintiffs each are a natural person obligated or allegedly obligated to pay a debt and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

48. Defendants each are persons who regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due and owing from a natural person to another natural person and are each "debt collectors" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c).

49. Defendants violated the RFDCPA based on the following:

   a. Defendants violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

50. Plaintiffs are entitled to recover actual damages pursuant to Civil Code § 1788.30(a).

51. Plaintiffs are entitled to statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b).

52. Plaintiffs are entitled to recover costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
### Conversion
By Plaintiffs as to all Defendants

53. Plaintiffs reallege and incorporates by reference the allegations of all paragraphs above.

54. At the time of Defendants' unlawful repossession, Plaintiffs were entitled to possession of the Vehicle because there was no default under the Contract.

55. Defendants' unlawful repossession of the vehicle constituted an interference with Plaintiffs' possession and right to possession of the Vehicle, and it deprived Plaintiffs of their right to possess the Vehicle.  Defendants acted knowingly and or intentionally when they wrongfully repossessed the Vehicle.

56. Plaintiffs are entitled to recover damages for Defendants' conversion of their property according to proof.

57. Defendants acted with malice, oppression, and/or fraud towards Plaintiffs within the meaning of Civil Code § 3294, thereby entitling Plaintiffs to an award of punitive damages.  Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted toward Plaintiff with malice, oppression,, or fraud, employed such employees with conscious disregards for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiffs prays for relief as set forth below.

COMPLAINT

## FIFTH CAUSE OF ACTION
### Breach of Contract
By Plaintiffs as to Defendant American Honda Finance Corporation

58. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

59. Defendant American Honda Motor Finance promised and agreed in the Contract to repossess Plaintiffs' Vehicle only if Plaintiffs were in default under the Contract, and only if the repossession was accomplished peacefully and allowed by law. Defendants breached the contract when they repossessed Plaintiff's Vehicle in the absence of default and/or in breach of the peace, as alleged herein.

60. Plaintiffs have performed all obligations required by the Contract, except those obligations Plaintiffs were excused or prevented from performing.

61. As a proximate result of Defendant American Honda Motor Finance's breach of the Contract, Plaintiffs have suffered damages in an amount to be determined according to proof.

62. Plaintiffs seek recovery of her attorneys' fees, costs, and expenses incurred in the filing and prosecution of the action pursuant to the Contract and Civil Code § 1717.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. For actual and compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For an award of Plaintiffs' attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action; and

5. For any other such relief this Court may deem just and proper.

- 10 -

COMPLAINT

## **REQUEST FOR JURY TRIAL**

Plaintiffs demand a trial by jury in the present action.

RESPECTFULLY SUBMITTED,

DATED:  March 10, 2016                WESTGATE LAW


By: /s/ Matthew A. Rosenthal
Matthew A. Rosenthal
Attorney for Plaintiff

COMPLAINT